# WL| Wright Law
## ATTORNEY AT LAW

**305 BROADWAY, SUITE 1001,
NEW YORK, NY 10007
OFFICE (212) 822-1419 • FACSIMILE (212) 822-1463**
www.wrightlaw.nyc

March 22, 2022

**BY ECF**
The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *United States* v. *Andre Delacruz* **22 Cr. 150 (JPC)**

Dear Judge Cronan:

I represent Andre Delacruz in the above referenced case. I write the Court this evening to respectfully request a bail hearing for Mr. Delacruz and submit this letter in support of his pre-trial release under the conditions suggested below.

Procedural History:

On March 8, 2022, Mr. Delacruz was indicted under the second count of the instant two-count indictment for conspiracy to distribute and possess with intent to distribute 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). On March 15, 2022, Mr. Delacruz appeared before Honorable Robert W. Lehrburger where the defense consented to detention with the right to present a future bail application. The defendant now makes the instant request for pre-trial release on bail.

Bail Reform Act:

There are several factors, operating separately or in combination, that justify Mr. Delacruz' application for bail pursuant to the Bail Reform Act of 1984 18 U.S.C. §3142. Pursuant to the Bail Reform Act in determining whether there exist conditions of release that would "reasonably assure the appearance" of Mr. Delacruz and "the safety of any other person and the community" the Court must consider the following factors:

(1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence;"

(2) "the weight of the evidence against the person;"

(3) "the history and characteristics of the person, including –

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;" and

(4) "the nature and seriousness of the danger to any person that would be posed by the person's release."

18 U.S.C. § 3142(g).

The Indictment alleges a violation 18 U.S.C. § 841(B)(1)(b) which prescribes a maximum prison sentence in excess of ten-years under the Controlled Substances Act and as a consequence carries a presumption against bail. *See* 18 U.S.C. § 3142(e)(3)(B). However, the defendant need only meet "a limited burden of production … [of] evidence that he does not pose a danger to the community or a risk of flight," to rebut that presumption. *See United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). Indeed, the government bears the "ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community,' and `by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight.'" *United States v. Maxwell*, 510 F. Supp. 3d 165, 169 (S.D.N.Y. 2020) (quoting *English* 629 F.3d at 319).

Discussion:

Mr. Delacruz is the sole defendant <u>not</u> indicted on both counts on this indictment. He is not alleged to have engaged in any acts of violence or possess any firearms. Furthermore, Mr. Delacruz did not play any managerial or supervisory role in the conspiracy. Rather, the indictment alleges that he engaged in a number of street-level cocaine sales.

While Mr. Delacruz has a criminal history including convictions for narcotics, his criminal record does not tell the whole story of his life. He has the ardent support of a large and loving family, some of whom are financially responsible and willing to act as suretors on a bond. Mr. Delacruz is a life-long resident of the Bronx, NY with strong community and family ties to New York City.

Mr. Delacruz now respectfully proposes the following bail package and conditions of pretrial release:

1. A $75,000 personal recognizance bond;

2

2. Four financially responsible suretors who are either family members or long-time friends;

3. Home confinement enforced with electronic/GPS monitoring;

4. Supervision by Pretrial Services, including home inspections;

5. Drug testing and drug treatment; and

6. Any other conditions of pre-trial release the Court deems just and appropriate.

Mr. Delacruz is acutely aware that the allegations in this indictment are serious and deeply understands his responsibilities in the event the Court grants this application. We respectfully suggest that the proposed bail package which includes strict electronic monitoring, supervision by Pretrial Services and significant financial risk for Mr. Delacruz' family would ensure his appearance in court and the safety of the community.

For the foregoing reasons, Mr. Delacruz respectfully requests that the Court grant bail subject to the conditions set forth above.

Most Respectfully,
/s/
Christopher Wright

cc:   AUSA Brandon D. Harper (by ECF)
      AUSA Samuel Rothschild (by ECF)