

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 23, 2022

**BY ECF**
The Honorable John P. Cronan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Andre Delacruz*, 22 Cr. 150 (JPC)

Dear Judge Cronan:

      The Government respectfully submits this letter in opposition to defendant Andre Delacruz's bail application. (Dkt. 30).

## Background

      Since approximately May 2020, law enforcement officers have been investigating a drug trafficking organization (the "DTO") that operates in the vicinity of Belmont Avenue and East Tremont Avenue in the Bronx. The DTO sells cocaine, cocaine base, and what it markets as heroin (the "dope" sold by the DTO often contains fentanyl). During the course of controlled purchases by law enforcement, members of the DTO have sold approximately 53 grams of fentanyl and approximately 48 grams of cocaine base.

      The defendant has been involved with the DTO's activities since at least in or about September 2021, when law enforcement officers first began making controlled purchases from the defendant. During the course of the investigation, law enforcement engaged the defendant in at least two controlled purchases of cocaine base.

      On March 8, 2022, the defendant was charged by indictment with one count: conspiracy to distribute and possess with intent to distribute 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). (Dkt. 2).

      On March 14, 2022, the defendant was arrested in his residence. In the course of a consent-search of the defendant's bedroom, law enforcement officers recovered at least one bag of suspected crack cocaine, approximately 67 glassines of suspected heroin in one drawer, and, in another drawer, approximately two additional bundles of suspected heroin (that is, approximately 20 glassines). All of the glassines of suspected heroin were stamped with the same stamp that appeared on suspected heroin in the possession of all of the members of the DTO that were arrested

March 23, 2022
Page 2

that day.  Furthermore, law enforcement officers also recovered from the defendant's bedroom approximately six .38 caliber rounds and a handful of bullets of other calibers.

On March 15, 2022, the defendant appeared for an initial appearance before the Honorable Robert W. Lehrburger, where the defendant consented to detention without prejudice to a future bail application.

On March 22, 2022, the defendant appeared for a pretrial conference and was arraigned. On March 23, 2022, the defendant filed the instant bail application.  (Dkt. 30).[1]

## Discussion

Under Title 18, United States Code, Section 3142(e)(3)(A), "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."  Here, a Grand Jury return an indictment charging the defendant with violations of Title 21, United States Code, Sections 846 and 841(b)(1)(B), which has a maximum term of imprisonment of 40 years (Dkt. 2).  Accordingly, there is a presumption that no bail conditions will suffice.  The defendant cannot rebut that presumption here.

Title 18, United States Code, Section 3142(g) sets forth the factors that the Court should "take into account" "in determining whether there are conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community."  Here, all of those factors counsel for detention.

Perhaps most importantly here, "the history and characteristics of the [defendant]" confirm that there are no "conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community."  18 U.S.C. § 3142(g)(3).  The defendant's criminal history tells an important story that demonstrates that he poses a risk of flight and a danger to the community.  In December 2013, the defendant was arrested for conduct involving marijuana.  In January 2014, a pre-arraignment warrant issued for the defendant, and, in February 2014, the defendant was returned on that warrant and arraigned on various marijuana charges in Bronx County Criminal Court.  In March 2014, a bench warrant was issued for the defendant, and, in April 2014, the defendant was returned on that bench warrant. The defendant's rap sheet does not reflect what, if anything, became of those marijuana charges. But about a year later, in April 2015, the defendant participated in an attempted robbery.  In May 2015, he was arrested for that conduct and was released pending trial.  In June 2016, while the defendant was on pretrial release, a bench warrant for the defendant issued out of Nassau County for disorderly conduct.  In October 2016, while the defendant was still on pretrial release for the attempted robbery, the defendant participated in the sale of narcotics and was arrested.  This time, he was detained.  In April 2017, in Bronx County Supreme Court, the defendant was convicted of:

---

[1] The defendant's bail application is dated March 22, 2022 but was filed on March 23, 2022. (Dkt. 30).

March 23, 2022
Page 3

(i) attempted robbery in the second degree, aided by another, in violation of New York Penal Law Section 160.10(1); and (ii) criminal sale of a controlled substance in the third degree, sale of a narcotic drug, in violation of New York Penal Law Section 220.39(1).  In July 2017, the defendant was sentenced principally to two years' supervision on the attempted robbery, and to one to three years' imprisonment on the sale of a controlled substance.  About two years later, in October 2019, an arrest warrant for the defendant issued out of Somers, New York, for possession of a forged instrument in the first degree, in violation of New York Penal Law 170.30.  Both the bench warrant from Nassau and the arrest warrant from Somers remain open.  The fact of previous bench warrants for the defendant and his participation in selling drugs while on pretrial release in another case counsel strongly in favor of detention here.

The history and characteristics of the defendant include not only the story of his criminal history but also the story of his arrest in this case.  The defendant was keeping in his bedroom not only suspected crack cocaine, but also approximately 87 glassines of suspected heroin, stamped with the same stamp used by his coconspirators.  Thus, there is no real question that the defendant participated not only in the conspiracy to distribute crack, but also in the conspiracy to distribute fentanyl (as the investigation revealed that the putative "heroin" sold by the DTO nearly always contained fentanyl, among other substances).[2]  Perhaps more troublingly, the defendant was also keeping ammunition in his bedroom, which, standing alone, speaks to the danger he poses and may constitute a federal crime.  *See* 18 U.S.C. § 922(g)(1) (making it a crime for an individual "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" "to . . . possess in or affecting commerce[] any . . . ammunition").

Indeed, "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant]'s release" should be clear from what has been said.  18 U.S.C. § 3142(g)(4).  The defendant is a convicted felon who has once before sold drugs while on pretrial release, who was keeping drugs and ammunition in his bedroom, and who was working with others to participate in the distribution of significant quantities of dangerous substances.

Additionally, "the nature and circumstances of the offense charged" confirm that the defendant is a danger to the community and a risk of flight.  18 U.S.C. § 3142(g)(1).  As to danger, the conspiracy with which the defendant is charged involved more than 40 grams of cocaine base, and, as described, there is significant evidence that the defendant also participated in a conspiracy that involved more than 50 grams of fentanyl.  Crack and fentanyl are dangerous drugs, especially fentanyl, which is lethal in even the smallest quantities, and which is tearing through our community.  The nature and circumstances of the offense charged demonstrate that the defendant is a risk of flight as well.  The charged offense carries a mandatory minimum term of imprisonment of five years, *see* 21 U.S.C. § 841(b)(1)(B), and a rough calculation of the defendant's Guidelines range is 63 to 78 months' imprisonment.  That gives the defendant strong incentive to flee.

---

[2] The defendant was charged with conspiracy to distribute cocaine base; he was omitted from the count charging conspiracy to distribute fentanyl only because none of law enforcement's controlled purchases from the defendant involved fentanyl.  The Government is awaiting laboratory test results of the substances recovered from the defendant's bedroom on the day of his arrest and reserves the right to supersede with additional charges against the defendant.

"[T]he weight of the evidence against the [defendant]" also provides him significant motivation to flee. 18 U.S.C. § 3142(g)(2). Here, the evidence against the defendant is strong. Many of the controlled purchases from the DTO, including many of the controlled purchases from the defendant, were audio and video recorded; the New York City Police Department Laboratory confirmed that the defendant and his codefendants were selling cocaine base and fentanyl; and the circumstances of many of the controlled purchases, as well as statements made during those controlled purchases, leave no doubt that the defendant was working in a conspiracy to distribute narcotics: During one of the recorded controlled buys, for example, the defendant arrived to supply narcotics after having been called by one of his coconspirators.

For the foregoing reasons, no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. His bail application should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
Brandon D. Harper
Samuel P. Rothschild
Assistant United States Attorneys
(212) 637-2209 / -2504

cc (by ECF):    Christopher Wright, Esq.